IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01637-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 4 2008

GREGORY C. LANGHAM
                    CLERK

GREGORY CARTER,

　　Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

　　Respondent.

---

ORDER OF DISMISSAL

---

I. Background

Applicant Gregory Carter currently resides in Denver, Colorado. On August 1, 2008, Mr. Carter initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case Nos. 99CR959 and 00CR248 in the Jefferson County District Court of Colorado. In an order entered on September 10, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 29, 2008, Respondent filed a Pre-Answer. Mr. Carter filed a Reply to the Pre-Answer on October 9, 2008.

In the Application, Mr. Carter asserts that he was convicted, on April 7, 2000, by a jury trial of one count each of sexual assault, bribery, and violation of bail bond conditions, and that he was sentenced to twenty-two years of incarceration in the Colorado Department of Corrections. (Application at 1-2.) Mr. Carter also asserts that he filed a direct appeal, and his conviction was affirmed on June 21, 2001. (Application at 2.) He further asserts that he appealed his claims to the state's highest court, and the mandate issued on October 26, 2001. (Application at 3.) Mr. Carter also states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on December 12, 2002, in which he received partial relief by the trial court on October 17, 2003, that he appealed the trial court decision, and that a mandate was issued by the state's highest court denying the postconviction motion on June 19, 2008. (Application at 4.)

In the Pre-Answer, Respondent asserts that a jury convicted Mr. Carter of sexual assault of a child fifteen or over by a person in a position of trust as part of a pattern of abuse, bribing a victim, and violation of bail bond conditions and was sentenced on May 25, 2000, to twenty-one years in prison for the sexual assault count, four years for bribery count to run concurrent to the sexual assault sentence, and one year for the bail bond violation to run consecutive to the other sentences. (Pre-Answer at 2.) Respondent further asserts that the Colorado Court of Appeals affirmed the conviction on direct appeal, and the mandate issued on October 26, 2001. (Pre-Answer at 2.)

Respondent also states that Mr. Carter filed a Rule 35(c) and (a) postconviction motion on December 12, 2002, and that the trial court, on April 13, 2003, granted an evidentiary hearing on his *ex post facto* claim and on whether his counsel was ineffective for not discovering the *ex post facto* claim and denied the remaining claims

2

without a hearing. (Pre-Answer at 2.) After the September 11, 2003, hearing, the trial court determined an *ex post facto* violation had occurred and resentenced Mr. Carter to eight years on the sexual assault conviction. (Pre-Answer at 3.) Respondent further states that Mr. Carter filed an appeal of the trial court's ruling in the postconviction motion. (Pre-Answer at 3.) The court of appeals remanded the case to the trial court for findings of fact and conclusions of law on the claims that the trial court had summarily denied. (Pre-Answer at 3.) The postconviction motion was recertified on appeal after the trial court issued an order of findings on October 5, 2006. (Pre-Answer at 3.)

Respondent also asserts that Mr. Carter raised three claims in his appeal of the postconviction motion, including: (1) Inappropriate remedy by the trial court for the *ex post facto* violation; (2) trial court error in denying claims in the April 2003 order without conducting an evidentiary hearing; and (3) trial court error in denying the remaining claims for postconviction relief in the October 2006 order. (Pre-Answer at 4.) The court of appeals, on February 21, 2008, affirmed the trial court's order. (Pre-Answer at 4.) Mr. Carter sought certiorari review in the Colorado Supreme Court, and the petition for review was denied on June 2, 2008. (Pre-Answer at 4.)

II. Analysis

The Court must construe liberally Mr. Carter's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that Mr. Carter's Application is time-barred. He contends that the one-year time period, under § 2244(d), began to run on January 13, 2002, which is ninety days after the Colorado Supreme Court denied certiorari review of Mr. Carter's direct appeal. (Pre-Answer at 5.) Respondent further asserts that Mr. Carter did not file his Rule 35(c) postconviction motion until December 12, 2002, that the postconviction proceedings concluded on June 19, 2008, and that he did not file the instant action until September 2, 2008. (Pre-Answer at 4-5.) Based on these findings, Respondent concludes that Mr. Carter filed his Rule 35(c) postconviction motion 334 days after his conviction and sentence was final, and that he filed the instant habeas action seventy-six days after the postconviction proceedings were completed, a total of 410 days, which is beyond the one-year time limitation under § 2244(d). (Pre-Answer at 6.)

In the Reply, Applicant states the following: (1) that the mandate in his direct appeal issued on October 26, 2001; (2) that his conviction and sentence was final on January 24, 2002, ninety days after the mandate issued; (3) that the one-year time period began to run on January 25, 2002; (4) that his postconviction motion was filed on December 12, 2002; (5) that the mandate issued in the postconviction motion on June 19, 2008; and (6) that he filed the instant action on August 1, 2008. (Reply at 1-2.) Mr. Carter concludes that based on the above dates the total time not tolled for the purposes of 28 U.S.C. § 2244(d) is 364 days, and the action is timely. (Reply at 2.)

Upon review of the exhibits provided by Applicant and Respondent, and the state court record provided by Respondent, the Court finds the following. Applicant was convicted of sexual assault, bribery, and a bail bond violation on April 7, 2000. (Pre-

5

Answer at Ex. A.) He was sentenced on May 25, 2000, he filed a notice of direct appeal on June 12, 2000, and the conviction was affirmed by the Colorado Court of Appeals on March 17, 2001. (Pre-Answer at Exs. A and E.) The Colorado Supreme Court denied Mr. Carter's petition for certiorari review on October 15, 2001. (Pre-Answer at Ex. G.) Mr. Carter filed his Rule 35(c) postconviction motion on December 12, 2002, the trial court, on April 14, 2003, granted him a hearing on his *ex post facto* claim and his ineffective assistance of counsel claim as it relates to his *ex post facto* claim and denied all other claims summarily. (Pre-Answer at Ex. A.) On September 17, 2003, he was resentenced, and he filed a notice of appeal of the postconviction motion on November 26, 2003. (Pre-Answer at Ex. A.) On April 21, 2006, the court of appeals remanded the appeal to the trial court and instructed the court to rule on the claims that were summarily dismissed on April 14, 2003. (Pre-Answer, Ex. M at 3.) On October 5, 2006, the trial court issued an order denying the remainder of the postconviction claims, and the case was recertified to the court of appeals. (Pre-Answer, Ex. M at 3.) The court of appeals affirmed the trial court orders, including the April 14, 2003, order and the October 5, 2006, order, on February 21, 2008. (Pre-Answer, Ex. M.) Mr. Carter filed a petition for certiorari review, which the Colorado Supreme Court denied on June 2, 2008. (Pre-Answer at Ex. O.)

Based on the above determinations, the Court finds that Mr. Carter's conviction and sentence became final on January 14, 2002, ninety-one days after the Colorado Supreme Court denied his petition for certiorari review on October 15, 2001. Sup. Ct. R. 13.3. (time to file petition for a writ of certiorari runs from the date of entry of judgment not issuance of mandate) and 30.1. (if last day of the time period is a Sunday

6

the time extends to the end of the next day). Also, Mr. Carter's postconviction motion was final the date his petition for certiorari review was denied, on June 2, 2008. *See Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000); *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999) (A Rule 35(c) motion is final on the date the petition for certiorari review is denied.) Therefore, from January 15, 2002, the day after his conviction and sentence became final, until December 11, 2002, the day prior to when Mr. Carter filed his postconviction motion, the time is not tolled for the purposes of 28 U.S.C. § 2244(d). Also, the time from June 3, 2008, the day after his postconviction motion became final, until July 31, 2008, the day prior to when he filed the instant action in this Court, the time is not tolled for the purposes of § 2244(d). The Court finds that a total of 390 days are not tolled for the purposes of § 2244(d). As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

In the Application, Mr. Carter asserts three claims. Claims Two and Three contain multiple subparts. All of the subparts in Claims Two and Three address alleged violations that took place either during the trial or on direct appeal. To the extent in Claims Two and Three Mr. Carter is asserting that the trial court erred by denying his postconviction motion and by failing either to appoint counsel or to conduct a hearing with respect to the claims he raised in the postconviction motion, the claims lack merit.

There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the

7

judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." ***Sellers v. Ward***, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also **Steele v. Young***, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

With respect to the remaining claims that challenge the constitutionality of Mr. Carter's conviction and sentence, he does not allege in the Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims, which challenge the validity of his conviction and sentence, at the time of his conviction and direct appeal or that there were any impediments to filing a 28 U.S.C. § 2254 application regarding his claims that were created by state action.

Although in Claim Three of the Application Mr. Carter asserts that he obtained newly discovered evidence after his trial, including that (1) he discovered after his trial that a juror acted with impropriety in that he or she knew one of the prosecution witnesses; (2) the prosecution participated in misconduct when they threatened a prosecution witness; (3) the police fabricated and altered evidence when they erased parts of a telephone conversation; and (4) his attorney committed numerous acts that constituted ineffective assistance of counsel, the claims are conclusory and fail to set forth why he was not able to discover the factual predicate for these claims at the time of his conviction and direct appeal.

8

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Carter bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977-78.

Mr. Carter fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The instant action, therefore, is barred by the one-year limitation period.

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Carter has exhausted his state court remedies.

## III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

9

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of Oct., 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01637-BNB

Gregory Carter
1175 S. Huron Street
Denver, CO 80223

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk